UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilbert Glover, | Civ. No. 23-119 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Roger C. Hochschild, Charrise O., Dallas Kunkler, Isaac, Franki, and Discover Card, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Wilbert Glover's Complaint. For the following reasons, the Motion is granted, this matter is dismissed with prejudice, and Glover will be restricted from filing further actions in this District without the assistance of counsel or permission of a judicial officer.

**BACKGROUND**

The Complaint asserts that in 2020, Plaintiff Wilbert Glover applied for a credit card with Discover Card. (Compl. ¶ 7.) When he called Discover's customer service number, however, he was told "you are Black and old with many inquiries." (Id.) In April 2021, Glover spoke with a supervisor at Discover named Isaac, who told Glover that his "credit score is a number that reflects Black people information in your credit report." (Id. ¶ 8.) In a letter dated March 2022, Discover told Glover that his credit application was not approved because of the number of recent inquiries on his account. (Id.) Glover contends that in April 2022 he had "FICO score Experian very good 769." (Id.) In June 2022, Glover received another letter saying that Discover could not approve his credit

application.  (Id. ¶ 9.)  (This letter appears to be in response to Glover contacting the Consumer Financial Protection Bureau about his Discover Card application.  See Docket No. 1-2 at 8.)  This letter stated that Glover's application was not approved due to several factors:  the "Number of recent inquiries," the "Length of time accounts have been established," Too few accounts currently paid as agreed," and "Percent of balance to high credit on banking revolving or all revolving accounts."  (Docket No. 1-1 at 8.)

Glover again contacted Discover after receiving the June 2022 letter, and spoke to someone named "Charrise O."  (Compl. ¶ 9.)  Charrise allegedly told Glover, "Black African people yourself Wilbert Glover can't have a FICO score that high no way must be a error inaccurate information contact Experian."  (Id.)  Glover also contends that he spoke several times on the phone with someone named "Franki in Custome [sic] Service."  Franki allegedly told him that people like him "do not receive approve if they are up in age these people are on social security fix income."  (Id.)

Glover alleges that Discover and various Discover employees, including the individuals discussed above and Roger C. Hochschild, Discover's CEO, discriminated against him on the basis of race and age.  (Docket No. 1-1 at 1.)  He invokes 28 U.S.C. § 1331, 15 U.S.C. §§ 1681, 1692, 42 U.S.C. §§ 1981, 1982, and Minn. Stat. § 363A.12, as the federal laws at issue (Compl. ¶ 4), and he seeks $10 million in damages.  (Id. at p. 4.)

This is not Glover's first experience bringing a lawsuit in this District.  See Glover v. Tigani, No. 23cv171 (JRT/TNL), 2023 WL 2753702, at *1 (D. Minn. Mar. 31, 2023) (noting that "Glover is a frequent litigant in this District" and citing four cases as a sample of the more than 12 cases Glover has filed).  Many of his cases, like this one, make similar

2

claims: he tried to get credit or buy a car or get a cell phone or rent an apartment and was told that he could not because he is Black. E.g., Glover v. Tigani, supra; Glover v. Public Housing Agency, No. 22cv974 (JWB/DTS); Glover v. Verizon Wireless, No. 22cv1093 (ADM/DJF); Glover v. Wells Fargo, No. 22cv1459 (KMM/ECW). Three other cases allege the use of racially discriminatory language at the Ramsey County Jail. Glover v. Bostrom, No. 18cv283 (NEB/ECW); Glover v. Trelstad, No. 22cv1302 (NEB/ECW); Glover v. Croucher, No. 22cv1338 (NEB/ECW). Most of these cases have been dismissed either on Rule 12 or Rule 56 motions.

In their Motion to Dismiss, Defendants raise a litany of reasons why the allegations fail to state claims on which relief can be granted, in addition to establishing that Glover did not properly serve any Defendant other than Mr. Hochschild and Discover Card. Glover's response, filed as an "Objection," seeks the "opportunity to amend the complaint to address the deficiencies identified in this summary judgment and to add in additional factual allegations." (Docket No. 23 at 1.) He asks that the court deny "Defendant's summary judgment" as moot. (Id. at 2.) Glover did not submit a proposed amended pleading, however, as the Local Rules require. D. Minn. L.R. 15.1(b).

**DISCUSSION**

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Glover's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl.

3

Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The Court will address Glover's claims in turn.

**A.     28 U.S.C. § 1331**

This statute is not a basis for a substantive claim. At the hearing, Glover stated that he did not intend to bring a claim under § 1331, but rather cited the statute as the basis for federal jurisdiction over his claims. There is no dispute that, if Glover's claims survive this Motion, there is federal jurisdiction over those claims.[1] To the extent that he intended to make a claim under § 1331, however, any such claim must be dismissed. See Glover v. Wells Fargo Bank, No. 22-CV-1459 (KMM/ECW), 2023 WL 275193, at *3 (D. Minn. Jan. 18, 2023) (noting that § 1331 "does not itself create substantive rights independent of some other cause of action").

---

[1] The Court's personal jurisdiction over the individual Defendants, however, is in dispute. Glover believes that service of process confers jurisdiction, but that is incorrect. A federal court has jurisdiction over defendants only if they have "minimum contacts" with the forum state such that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted).

4

B.     **Minn. Stat. § 363A.12**

This statute prohibits discrimination in a public service, which is defined as a state entity. Minn. Stat. § 363A.12, subd. 1, 35. Glover argued at the hearing that because Discover Card makes credit available to the public, it is subject to the Minnesota Human Rights Act, of which § 363A.12 is a part. But Discover Card is a private company, not a state entity. Glover's claim for a violation of this section of the statute must be dismissed.

C.     **42 U.S.C. §§ 1981, 1982**

These two sections of the federal Civil Rights Act prohibit discrimination in making and enforcing contracts and in the purchase, lease, sale, and conveyance of real or personal property. As an initial matter, Glover also claims discrimination on the basis of age and, as argued at the hearing, gender. The Civil Rights Act prohibits only racial discrimination, however, and thus does not apply to Glover's allegations of age and gender discrimination. See Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968) (noting that § 1982 "deals only with racial discrimination and does not address itself to discrimination on grounds of religion or national origin").

To establish a claim of unlawful discrimination under either of these sections, Glover may rely on either direct or circumstantial evidence of discriminatory intent. Glover v. Am. Credit Acceptance, No. 22cv1121 (JRT/TNL), 2023 WL 158198, at *4 (D. Minn. Jan. 11, 2023). "Direct evidence of discrimination exists if the claimant alleges discriminatory statements by decision-makers." Id. Without evidence of discriminatory statements by decision-makers, courts generally apply the McDonnell Douglas burden-shifting framework. See id. at *4 n.4.

Glover's allegations, even taken as true, do not establish any discriminatory statements by decisionmakers at Discover. Id. ("[A]lleged statements are not direct evidence of discrimination unless they are uttered by individuals closely involved in decisions.") (quotation omitted). Glover does not, and cannot plausibly, allege that any of the individuals with whom he spoke have decision-making authority at Discover.

Nor has Glover plausibly pleaded his claims using circumstantial evidence to allege discrimination. The burden-shifting framework requires Glover to "allege that [someone] similarly situated to him received more favorable treatment." Glover v. Tigani, No. 23cv171 (JRT/TNL), 2023 WL 2753702, at *3 (D. Minn. Mar. 31, 2023). Glover makes no allegations regarding any other Discover customer.

As in his other cases raising substantially identical allegations, Glover's §§ 1981 and 1982 claims fail as a matter of law.

D.     15 U.S.C. §§ 1681, 1692

These statutes comprise the Fair Credit Reporting Act and Fair Debt Collection Practices Act. The FCRA "requires companies providing information to credit reporting bureaus to comply with its provisions," including correcting allegedly erroneous reports. Tigani, 2023 WL 2753702, at *4. Glover does not specify which provision of the FCRA Discover allegedly violated, but even more fundamentally, he does not allege that Discover provided any information whatsoever to credit-reporting bureaus or failed to take any action in response to a report of inaccurate information regarding Glover's credit reports. This claim fails.

The FDCPA, similarly, "applies only to 'debt collectors.'" Id. "It is well-established that "debt collectors" within the meaning of the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" Id. (quoting Thulin v. EMC Mortg. Corp., No. 06cv3514 (RHK/JSM), 2007 WL 3037535, at *5 (D. Minn. Oct. 16, 2007.)). At the hearing, Glover agreed that Discover is not a debt collector and that he has no claim under the FDCPA. This claim will likewise be dismissed.

**E.     Request to Amend**

Glover's request to amend is denied. Pro se litigants are not excused from complying with the Local Rules, and those Rules require that any request to amend be accompanied by a proposed amended pleading. D. Minn. L.R. 15.1(b). Glover did not provide the Court with a proposed amended pleading. Nor could any amended pleading cure the deficiencies Discover has noted. Glover has no claims against Discover, and his request to amend is denied as futile.

**F.     Dismissal With Prejudice**

Discover seeks a dismissal with prejudice, arguing that dismissal with prejudice is appropriate where the allegations cannot serve as the plausible basis for any claim. "[W]hen a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. Christensen v. PennyMac Loan Servs., LLC, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013) (Nelson, J., adopting R. & R. of Mayeron, M.J.). Glover's Complaint undoubtedly qualifies under this standard, and dismissal with prejudice is appropriate.

7

### G.   Filing Restriction

This is now the fourth time that a federal court has concluded that Glover's allegations regarding supposed discrimination in his interactions with commercial actors are utterly frivolous. One lawsuit raising these claims might be understandable; four is not.

Glover filed this nearly identical lawsuit only two days after another Judge in this District told him that his claims had no merit. Am. Credit, 2023 WL 158198, at *4-6. Although he might not have received a copy of that order when he filed this case, he has continued to file similar actions. And undeterred by dismissal of the first Tigani case, he refiled a complaint against the same defendants on May 23, 2023. Glover v. Tigani, 23cv1504 (JRT/TNL).

"[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Sterling v. Wood, 68 F.3d 1124, 1126 (8th Cir. 1995). "Defendants have a right to be free from harassing, abusive, and meritless litigation." In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Id. at 1292 (quotations omitted).

Because the Court has the power to "control and manage matters pending before it," the Court has discretion to "place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious reasons and who generally abuses judicial process." Id. at 1292-93. While Glover's motivations for filing his lawsuits may not be malicious, his failure to be deterred by dismissals is evidence that he lacks a good-faith basis for bringing his claims. This is, by any definition, abuse of the judicial process.

Although in the usual case a warning is appropriate before imposing a filing restriction, in light of the amount of litigation Glover has filed raising substantially identical allegations, a warning seems superfluous in this instance. See Bethune v. Minnesota, No. 21cv2673 (PJS/ECW), 2021 WL 5964540, at *2 (D. Minn. Dec. 16, 2021) (Schiltz, J.) (imposing filing restriction on litigant without first giving a warning). Therefore, effective immediately Glover is restricted from filing any new civil actions in this District unless he is represented by a licensed attorney or receives prior written authorization for the filing from a judicial officer of this District.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss (Docket No. 13) is **GRANTED**;

2. This matter is **DISMISSED with prejudice**; and

3. The Clerk of Court shall place Glover on the District's restricted-filer list.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   July 27, 2023                    *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge